Mrs. H. L. CALDWELL, Appellant,

v.

Ray FRAZIER, Appellee.

Court of Appeals of Kentucky.

May 24, 1957.

Rehearing Denied Sept. 27, 1957.

Bernard B. Davis, Shelbyville, for appellant.

Turner & Jones, Newcastle, for appellee.

PER CURIAM.

This is a motion for an appeal from a judgment on the pleadings for the plaintiff, which disallowed the defendant $1,170, an amount claimed by way of credit in defendant's Answer.

The suit was in the nature of an accounting between a landlord and tenant under a written farm lease. The plaintiff's complaint itemized various amounts due the respective parties. Defendant's Answer admitted the amounts owing to the plaintiff, but added:

"* * * except that defendant states that in addition to the $254.19 which the plaintiff admits he owes the defendant, he also owes her $27.00 for pasture of a pony plus $589.75 for labor which the plaintiff was supposed to have rendered for the defendant on defendant's farm and which he failed and refused to do and $553.25 for labor in the crops making a total of $1,170.00 more which plaintiff owes the defendant than he admits."

These allegations of the defendant do not state the basis of the claims, and contrary to defendant's contention, the plaintiff's pleadings do not furnish such a basis. Certainly this pleading was subject to a motion to make more definite under CR 12.05.

The record indicates that objections to this pleading were called to the attention of defendant's counsel because the judgment recites "that counsel for the defendant announced his refusal to amend and that he is relying for defendant's claim solely upon his Answer as filed herein."

While the Civil Rules should be liberally construed on matters of pleading, they were not designed to abolish the requirement that a party state in plain and adequate terms the basis of his claim or defense. See Clay, CR 8.01, Comment 2.

Since the defendant elected to stand on what is an inadequate pleading, the trial court was fully justified in entering the judgment for the plaintiff.

We deem it proper to call attention to the fact that counsel representing the defendant on this appeal did not represent the defendant in the proceedings before the trial court.

The motion for appeal is denied, and the judgment stands affirmed.