Andrew J. GUNN, Appellant,

v.

Robert I. ROBINSON, Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1959.

Raymond C. Arny, Louisville, for appellant.

William O. Guethlein, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellee.

CLAY, Commissioner.

The plaintiff (appellant) recovered from the defendant (appellee) $550 for personal injuries arising out of an automobile accident. This sum represented pain and suffering. The trial court would not permit plaintiff to introduce proof of, or instruct the jury on, damages resulting from loss of earnings.

It is refreshing to consider this appeal on a minimum record, which CR 75.05 is designed to encourage, and upon the "Statement of Points" (positively required by CR 75.04 when the complete record is not designated), which properly presents to us the narrow issue involved.

The question is whether or not the plaintiff's complaint, which followed Form 8 of our Civil Rules, sufficiently pleads special damages to authorize the introduction of evidence on this issue (and to entitle the plaintiff to an instruction on it).

The plaintiff's complaint alleged that he "was prevented from transacting his business". This is the identical language used in Form 8. It must be considered adequate to plead specially this character of damage, which CR 9.06 requires to be "specifically stated". Loss of earnings to an employed person clearly constitutes damage arising from his inability to transact his business.

As pointed out in Lee v. Stamper, Ky., 300 S.W.2d 251, 253, the essential element of a pleading with respect to damages is the giving of fair notice of "the type of relief to which the claimant deems himself entitled". The plaintiff, by using the same wording as that appearing in Form 8, adequately specified the special relief he is claiming. Therefore he could properly introduce evidence on this issue.

Since the jury has determined the question of liability and returned a verdict for damages for pain and suffering, the only remaining untried issue in the case is the loss occasioned by reason of plaintiff's inability to transact his business.

The judgment is reversed, with directions to grant the plaintiff a new trial on the sole issue of damages resulting from his loss of earnings.