**Raymond O. BAKER, Appellant,**

**v.**

**David L. DAVIS, Warden, Kentucky State Reformatory, et al., Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1964.

Raymond O. Baker, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Raymond O. Baker, a prisoner in the state penitentiary, appeals from a judgment of the Oldham Circuit Court dismissing his petition for a writ of habeas corpus.

The ground on which the writ was sought was that Kentucky had waived or forfeited its jurisdiction to reconfine him, for a parole violation, because prior to the reconfinement he was released to federal authorities for trial and service of a sentence on a federal charge.

Exactly the same ground, supported by the same arguments and evidence, was the basis of a previous petition by Baker for a writ of habeas corpus. The circuit court denied relief on that petition and on appeal to this Court the judgment was affirmed. Baker v. Commonwealth, Ky., 378 S.W.2d 616.

The Supreme Court of the United States holds, as respects successive petitions for habeas corpus, that if (1) the same ground presented in the subsequent petition was determined adversely to the petitioner on the prior petition, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent petition, the

court may in its discretion deny a hearing on the subsequent petition. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148. All of those factors are present here, plus the factor that Baker had the benefit of appellate review of the determination on his previous petition.

We think the rule followed by the Supreme Court is well adapted for application to habeas corpus proceedings in the state courts. We shall use it. Under the rule the circuit court was warranted in dismissing Baker's petition.

The judgment is affirmed.