**Luke BURTON, Petitioner,**

**v.**

**Hon. R. C. TARTAR, Judge, Pulaski Circuit Court, Somerset, Kentucky, Respondent.**

Court of Appeals of Kentucky.

Dec. 18, 1964.

Luke Burton, pro se.

R. C. Tartar, Judge, pro se.

DAVIS, Commissioner.

Luke Burton, the petitioner, seeks an order of this court to require Hon. R. C. Tartar, Judge, Pulaski Circuit Court, to order a record prepared of certain proceedings had in the Pulaski Circuit Court wherein an RCr 11.42 motion by Burton was overruled. Burton asserts that he desires the record for an appeal to this court from the adverse judgment in the RCr 11.42 proceeding.

In his petition here, Burton asserts that he has alleged the denial of a fundamental constitutional right in the RCr 11.42 motion, hence, he is entitled as a matter of right to a hearing on the motion; he asserts that the respondent judge summarily denied his motion without a hearing.

Judge Tartar has filed response in which it is pointed out that Burton filed a motion pursuant to CR 60.02, whereby he sought to vacate the same judgment of conviction which he attacks in the RCr 11.42 motion at hand. The identical grounds for relief were made in that proceeding as are now presented. A full hearing, with competent legal counsel, was accorded Burton then; the judgment was adverse to him.

Burton perfected an appeal to this court, upon a record furnished to him *in forma pauperis*. On October 19, 1962, this court rendered an opinion affirming the judgment of the Pulaski Circuit Court which had denied Burton the relief sought. The opinion was not published, although it did fully treat the questions presented.

Burton sought writ of certiorari, but this was denied by the United States Supreme Court, March 18, 1963. Burton v. Davis, 372 U.S. 946, 83 S.Ct. 940, 9 L.Ed.2d 971.

In his response, Judge Tartar asserts that Burton did not file the RCr 11.42 motion in good faith, but that he was "trifling with the court." In support of this allegation, Judge Tartar points out that this same petitioner filed an RCr 11.42 motion in the Pulaski Circuit Court on May 14, 1963, asserting the identical grounds for relief which had been adjudicated in the CR 60.02 proceeding just mentioned. That motion was denied. Burton did not appeal. The motion upon which the petitioner now seeks relief was filed July 10, 1964, again based upon the identical grounds. Obviously, Burton is indeed "trifling with the court."

Perhaps Burton may imagine that he, like the famed importunate widow of Holy Writ, will "wear out" the court by his continual coming (Luke 18:1–6). So be it not. Note Burton v. Tartar, Ky., 383 S.W.2d 127.

The same three rules enunciated by the Supreme Court of the United States in Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, and adopted by this court in Baker v. Davis, Ky., 383 S.W. 2d 125, are as apposite to the postconviction remedy under RCr 11.42 as to the habeas corpus procedures in which they were promulgated. (1) The same grounds have been adjudged adversely to the petitioner, (2) the adjudication was on the merits, (3) the ends of justice would not be served by reaching the merits of the subsequent petition (the RCr 11.42 motion proceeding to which the present petition is addressed).

Mandamus is denied.