**William R. KINMON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1965.

**332**

William R. Kinmon, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

The appellant seeks reversal of the judgment denying without a hearing his RCr 11.42 motion to vacate a prior conviction for armed robbery. This is his third motion under RCr 11.42 to vacate this conviction. The first was overruled because the motion did not state sufficient grounds to warrant relief, and that ruling was affirmed by this Court in Kinmon v. Commonwealth, Ky., 383 S.W.2d 338. The second motion was overruled also, the court finding among other things that all evidence introduced as exhibits at the trial had been obtained under lawful search and seizure. No appeal was taken.

In the present motion the appellant alleges: 1st) that counsel for appellant was asked by the court during the trial within the presence and hearing of the jury whether he had any objection to the separation of the jury, 2nd) that evidence obtained as a result of an illegal search and seizure was used against him, and 3rd) that his automobile was unlawfully seized.

 Appellant's first contention, that the judgment should be vacated because the court asked him in the presence of the jury whether he objected to a separation of the jury, was answered in Warner v. Commonwealth, Ky., 385 S.W.2d 62, adversely. In the Warner case we said that even if this error occurred it may not be raised in a proceeding under RCr 11.42. See also King v. Commonwealth, Ky., 387 S.W.2d 582.

The other errors alleged by the appellant have been adjudged adversely to him in his earlier motions to vacate this conviction under RCr 11.42. RCr 11.42(3) provides that "[f]inal disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding." The appellant in this case has presented no issue which could not have been reasonably presented in his first motion. Therefore, this motion is merely an effort to trifle with the courts which clearly is not the purpose of RCr 11.42. See Burton v. Tartar, Ky., 385 S.W.2d 168.

Judgment affirmed.