**Ernest WATKINS, Appellant,**

**v.**

**John W. WINGO, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

May 20, 1966.

Ernest Watkins, pro se.

Robert Matthews, Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Ernest Watkins appeals from a judgment of the Lyon Circuit Court dismissing his petition for a writ of habeas corpus by which he sought release from confinement in the state penitentiary.

Watkins was sentenced to life imprisonment in 1943. In 1965, on a motion filed by Watkins under RCr 11.42, the Perry Circuit Court entered an order setting aside the 1943 judgment. However, in January 1966, on an appeal by the Commonwealth, this Court reversed the order. See Commonwealth of Kentucky v. Watkins, Ky., 398 S.W.2d 698. Watkins, who had been on bail during the pendency of the appeal, was returned to the penitentiary.

Watkins maintains that his present detention is illegal because no new order of commitment was issued after this court reversed the order of the Perry Circuit Court setting aside the 1943 judgment. He also asserts illegality arising from the alleged fact that he was returned to the penitentiary before the mandate was issued on this court's opinion.

There is no merit in Watkins' claims. RCr 11.42(8) provides in part that the final order of the trial court on a motion under this rule "shall remain suspended until final disposition of an appeal duly taken and perfected." The order of the Perry Circuit Court never became operative because it remained in suspension until it was reversed. Not having become operative, it did not affect the validity of the 1943 judgment or of the commitment based on that judgment. The returning of Watkins to the penitentiary before issuance of the mandate on the appeal is of no significance because there remained in force at all times a valid judgment and commitment for his confinement.

The judgment is affirmed.