**COMMONWEALTH of Kentucky, Appellant,**

v.

**Clell MILLER, Appellee.**

Court of Appeals of Kentucky.

June 16, 1967.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellant.

Clell Miller, pro se.

STEINFELD, Judge.

Clell Miller moved pursuant to RCr 11.42 to set aside and vacate a judgment entered in 1959 finding him guilty of robbery. He is now serving the sentence. Miller claimed that the judgment was void. The lower court sustained the motion, set aside the judgment and ordered a new trial. From that order the Commonwealth appeals. RCr 11.42(7) and RCr 12.52. Commonwealth v. Watkins, Ky., 398 S.W.2d 698. The trial court stayed the order pending the appeal. RCr 11.42(8); Watkins v. Wingo, Ky., 403 S.W.2d 19.

Miller was indicted for armed robbery along with Amos L. Duncan and Howard Hicks. At his trial he was represented by counsel and after negotiations with the Commonwealth's Attorney it was agreed that the charge be amended to robbery. The court approved, whereupon Miller pled guilty to this lesser charge and was sentenced to ten years in the penitentiary.

Duncan and Hicks were tried on the same indictment on the charge of armed robbery. They were found guilty and were

sentenced to life imprisonment. Duncan appealed and the judgment as to him was reversed because the indictment was not sufficient to support a conviction for armed robbery. Duncan v. Commonwealth, Ky., 330 S.W.2d 419. Later Duncan and Hicks each received a sentence of only two years in the state reformatory.

The indictment charging Miller with armed robbery was read to the jury. He claims that this influenced the jury to impose upon him a sentence of ten years, the maximum penalty for robbery. He testified that this violated his rights under the 6th and 14th Amendments of the United States Constitution and section 11 of the Kentucky Constitution. The lower court held that the rights guaranteed to Miller by Article III section 2 and the 6th Amendment to the Federal Constitution and section 11 of the Kentucky Constitution were violated. It opined that the reading of the indictment which charged armed robbery, whereas the alleged crime was robbery, so influenced the jury that it could not act without bias or prejudice. Tayloe and White v. Commonwealth, Ky., 335 S.W.2d 556; Brumfield v. Commonwealth, Ky., 374 S.W.2d 499.

■ The Commonwealth claims that the trial court erred in vacating the judgment and ordering a new trial. It points out that the reason which that court stated as the basis for its action was not included in Miller's motion. We agree with this contention for there was a failure to state any fact necessary to support the order. Morris v. Morris, 299 Ky. 235, 185 S.W.2d 244; Hartford Accident & Indemnity Co. v. Lewis, Ky., 296 S.W.2d 228.

■ The next contention for reversal is that the motion was insufficient. RCr 11.42 supplements CR 60.02 and provides a post-conviction review procedure which must be followed if the relief demanded is to be obtained. The motion filed by Miller does not meet the test usually applied to pleadings. CR 8.01. Caldwell v. Frazier,

Ky., 304 S.W.2d 922. However, here we have a prisoner proceeding pro se, therefore, we do not impose on him the same standards as those applied to legal counsel. Metzger v. Breeze Corp., D.C.N.J., 37 F. Supp. 693. Miller's motion was required to and gave the court and opposing party fair notice of the nature of the claim. CRr 11.-42(2); Lee v. Stamper, Ky., 300 S.W.2d 251; Cincinnati, N. & C. T. Co. v. Fischer, Ky., 357 S.W.2d 870; Gunn v. Robinson, Ky., 330 S.W.2d 399.

■ The Commonwealth argues that while under oath to tell the truth the movant made statements in the motion which were contrary to the testimony given by him at the hearing. Miller alleged that he had no counsel at the time he pled guilty. At the hearing he admitted, and the record of the conviction showed that he was represented by paid counsel. He also alleged that he was sentenced without a jury being impaneled, when the undisputed proof is that a jury fixed the sentence which he is serving. He finally admitted that the real basis for his motion was that Duncan and Hicks, the two with whom he was involved in the crime received a sentence of only two years, whereas he had been sentenced to serve ten years, which was not "equal justice". He complains that he acted under what he called bad advice of his attorney. This was a claim without merit, therefore, it was not a basis for vacating the judgment. King v. Commonwealth, Ky., 408 S.W.2d 622.

■ Miller was not acting in good faith in making the allegations upon which he obtained the hearing. This was essential. Williams v. Commonwealth, Ky., 405 S.W.2d 17. "Allegations are required to be simple, concise and direct". CR 8.05 Massengale v. Lester, Ky., 403 S.W.2d 697. Courts should not and will not permit a pleader, even though the proceeding be pro se, to make allegations which he knows or should know are false. Our system of justice is based upon truth, without which it cannot survive. Resort to untruth is

contemptuous. Miller was in contempt and trifling with the court. Burton v. Tartar, Ky., 385 S.W.2d 168, cert. den. 85 S.Ct. 1354, 380 U.S. 984, 14 L.Ed.2d 277. Efforts to trifle with the courts will not succeed. Kinmon v. Commonwealth, Ky., 396 S.W.2d 331.

 When the trial court discovered that Miller had made material statements in his motion, which were false, the motion should have been stricken. CR 11; 6 Kentucky Rules of Civil Procedure, Clay 183, comment 5. It was error on the part of the trial court not to strike the motion and dismiss the proceedings. Burton v. Tartar, supra.

The order vacating the judgment and directing a new trial is reversed for proceedings consistent with this opinion.

All concur.