**Reison GRAY, Appellant,**

v.

**John W. WINGO, Warden, Appellee.**

Court of Appeals of Kentucky.

Jan. 26, 1968.

Reison Gray, pro se.

John B. Breckinridge, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant Gray petitioned for a writ of habeas corpus to secure his release from the penitentiary where he is serving a four-year sentence for storehouse breaking. From an order dismissing the petition he appeals. KRS 419.130. We affirm.

The conviction occurred in October 1965 in the Christian Circuit Court after a trial before the court. The right to a jury trial had been waived. Gray did not appeal.

In February 1966, in the same court, Gray filed a petition for post conviction relief. RCr 11.42. He claimed that rights guaranteed to him by the Fourteenth Amendment of the Constitution of the United States and Section One of the Kentucky Constitution were violated. Specifically he asserted that the evidence produced at the hearing was only circumstantial and insufficient to sustain a judgment finding him guilty and that one witness "perjured himself." The trial court held that the application did not state "grounds sufficient to call for relief under Rule 11.-42." On June 21, 1966 we affirmed on appeal, without opinion.

Gray sought the aid of the United States District Court by filing there in January 1967 an application for a writ of habeas corpus. He stated that the evidence upon which he was convicted was inadmissible and insufficient, that he was denied a fair

and impartial trial, and that "court appointed counsel refused to appeal, or ask for a new trial." That petition was denied. Gray appealed and on August 22, 1967 the United States Court of Appeals for the Sixth Circuit, in Gray v. Wingo, No. 17,750, rendered an unreported memorandum opinion affirming. It opined that the claims of inadmissible and insufficient evidence and the charge of denial of a fair trial "are insufficient because they are merely conclusions of the petitioner unsupported by any factual definition. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953)."

The Lyon Circuit Court was then petitioned for the habeas corpus writ. Gray charged that he is being held under a void judgment, which is without validity because "he was denied the effective assistance of court appointed counsel, inasmuch as counsel:

1. Erred in waiving a jury over the objections of petitioner.

2. Refused to appeal, or move for a new trial after being requested to do so.

3. Refused to subpoena witnesses for petitioner.

4. Refused to move for a continuance.

5. And refused and neglected to object to the introduction of hearsay evidence."

The first three sections of RCr 11.42 provide:

"(1) A prisoner in custody under sentence who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court which imposed sentence to vacate, set aside or correct it.

(2) The motion shall be signed or verified by the movant and shall state specifically the grounds on which

the sentence is being challenged and the facts on which the movant relies in support of such grounds. Failure to comply with this section shall warrant a summary dismissal of the motion.

(3) The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."

■ Gray alleges no reason why the remedy offered by RCr 11.42 is not adequate. Ayers v. Davis, Ky., 377 S.W.2d 154 (1964). Habeas corpus is an extraordinary remedy which is available only when relief by the usual legal processes is inadequate. Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666 (1944).

■ All of the "grounds for holding the sentence invalid" contained in the petition now before us could have been stated in the proceedings brought under RCr 11.42 in the Christian Circuit Court in February 1966. In Warner v. Com., Ky., 398 S.W.2d 490 (1966), we said "Sub-section (3) of RCr 11.42 was intended to protect the courts against the abuse and vexation of successive proceedings to vacate the same judgment * * *." Also see, Kinmon v. Com., Ky., 396 S.W.2d 331 (1965), and Burton v. Tartar, Ky., 385 S.W.2d 168 (1964), certiorari denied 380 U.S. 984, 85 S.Ct. 1354, 14 L.Ed.2d 277. The issues presented here were concluded in that action. RCr 11.42(3). Caudill v. Com., Ky., 408 S.W.2d 182 (1966); Deweese v. Com., Ky., 407 S.W.2d 402 (1966); Tipton v. Com., Ky., 398 S.W.2d 493 (1966); Crochrell v. Warren, Ky., 383 S.W.2d 377 (1964); Baker v. Davis, Ky., 383 S.W.2d 125 (1964); Broadus-Bey v. Diamond, 264 F.2d 242, certiorari denied, 360 U.S. 939, 79 S.Ct. 1463, 3 L.Ed.2d 1550.

The judgment is affirmed.

All concur.