Ellis DUNCIL and Larry Bentley, Appellants,

v.

Naoma Allen GREENE, Administratrix of the Estate of John H. Greene, Deceased, Appellee.

Court of Appeals of Kentucky.

Feb. 23, 1968.

James Bates, Dry Creek, F. Byrd Hogg, Hogg & Cornett, Whitesburg, for appellants.

Woodrow W. Burchett, Prestonsburg, for appellee.

**588** ▪ ▬

C. J. WADDILL, Special Commissioner.

John H. Greene was killed in a collision between a truck and an automobile. Naoma Allen Greene, the administratrix of his estate recovered judgment for $26,000.00 against Ellis Duncil and Larry Bentley. Prior to the trial, Duncil and Bentley requested that the administratrix furnish the names of witnesses who would testify. At the trial a witness whose name had not been revealed gave damaging testimony. He stated that he had been an eyewitness to the accident and that he saw the truck driven by Bentley cross to the wrong side of the road and strike the automobile driven by Greene. Some three months after the judgment was entered Duncil and Bentley moved to vacate the judgment. CR 60.02. In support of their motion they filed an affidavit signed by this unrevealed witness in which he swore that he was not present at the time of the collision but was at work some distance away. The affidavit also contained the following:

"I further state that I testified falsely in the trial of this case, and that I was hired to do so by Naoma Greene and Kenneth Roberts, who knew that I did not know anything about this wreck."

An affidavit of James Bates, attorney for Duncil and Bentley was also filed in support of the motion. He stated that he had investigated the matter and that he had learned from the foreman of this unrevealed witness, that said witness was working in the mines at the time the accident happened and that the employer's time book would verify this information. No counter-affidavits were filed.

The motion to set aside the judgment was overruled by the trial court on the ground that the jury could have reached the verdict on other evidence. Because of the uncontradicted affidavits above mentioned we are of the opinion that this was an abuse of discretion. The false testimony was such as might reasonably be expected to influence the jury. The administratrix had personal knowledge as to whether she hired this witness and she did not deny complicity in this fraud.

In Commonwealth v. Miller, Ky., 416 S.W.2d 358 (1967) we said:

"Our system of justice is based upon truth, without which it cannot survive. Resort to untruth is contemptuous. * * * Efforts to trifle with the courts will not succeed. Kinmon v. Commonwealth, Ky., 396 S.W.2d 331 (1965)."

Considering all of the circumstances revealed by this record we hold it is wrong to permit Naoma Greene to reap any benefit by hiring a witness to commit perjury. The judgment is reversed with directions to set it aside and grant a new trial.

All concur.