**Joe Pat ROSS, Appellant,**

**v.**

**John W. WINGO, Warden, Kentucky State Penitentiary, Appellee.**

Court of Appeals of Kentucky.

Oct. 25, 1968.

Joe Pat Ross, pro se.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Chief Justice.

Joe Pat Ross appeals from a judgment denying his petition for a writ of habeas corpus. He is now an inmate of the Kentucky State Penitentiary at Eddyville. He claims that he is serving two concurrent terms and that Glenn Wade, Chairman of the Kentucky Parole Board, told him that his sentence would terminate on November 14, 1968.

The writ of habeas corpus is a constitutional protection against illegal restraint. Its purpose is to enable one who has been illegally restrained to regain his liberty. United States Constitution, Article I, Section IX; Kentucky Constitution, Section 16; Day v. Caudill, Ky., 300 S.W.2d 45.

Ross has failed to show that he is illegally restrained. He is serving two terms, running consecutively. The Department of Corrections' records show that the earliest expected expiration date for his sentences is February 20, 1969. Petitioner, now appellant, admits that the Department's records show the expiration date of February 20, 1969. There is no contention by Ross that he is now illegally re-

strained. However, he asserts that he should be released November 14, 1968, because of the statement claimed to have been made by the official. At most, his contention is anticipatory. Regardless of such alleged statement, the Department's records are controlling, absent a showing of error. His petition is completely devoid of merit on its face.

 Appellant's motion for appointment of counsel on appeal is overruled because of the obvious lack of merit in his petition. Appointment in such case would be a fruitless and futile waste of some lawyer's energy, effort, and time. It is noted that habeas corpus is essentially civil in nature; hence, appointment of counsel is not required. Crady v. Cranfill, Ky., 371 S.W.2d 640; Higbee v. Thomas, Ky., 376 S.W.2d 305.

It is further noted that appellant has sworn to a petition which contains a statement that appears to be false. Such reckless misstatements under oath might well render the affiant liable for further prosecution. See Commonwealth v. Miller, Ky., 416 S.W.2d 358, and cases cited therein.

Judgment affirmed.

All concur.