**Robert H. MILLER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1970.

Robert H. Miller, pro se.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

This is a proceeding by appellant, Robert H. Miller, brought under RCr 11.42 for post-conviction relief. Without holding an evidentiary hearing the trial court dismissed the petition. Miller appeals—we reverse.

On January 27, 1970, five residences in Owen County, Kentucky, were broken into and property was stolen. Five men were indicted for robbery (KRS 433.180) and for grand larceny (KRS 433.220). A separate trial was ordered for Miller and then he was committed to Eastern State Hospital, a mental institution. After the court determined that treatment was no longer required he was returned to stand trial. He pleaded guilty to all charges and his punishment was " * * * fixed at confinement in the State Penitentiary for a period of ten years on each count of dwelling house breaking and one year on each count of grand larceny, * * * ". The court ordered that the sentences on the dwelling house counts shall run concurrently and the sentences on the grand larceny counts shall run concurrently but " * * * that the concurrent sentence as to the grand larceny is to run consecutively to the sentence of dwelling house breaking" all resulting in confinement for a period of eleven years.

About three months thereafter the petition for post-conviction relief was filed in which, among other things, Miller alleged

that "The day he was brought into court for a trial, he was appointed counsel by the court. The attorney told him very blunt and precise that he was there to do one thing. 'Advise the defendant' of his rights * * * that the * * * appointed counsel was with the Movant less than ten minutes * * *" and that Miller "* * * had been out of the hospital for only twenty-five days from an amnesia attack * * *". The response did not deny these charges but alleged that "* * * the defendant's attorney was a local resident and knew and had knowledge of all of the crimes committed; and that the Commonwealth Attorney negotiated with the attorney for the defendant in arriving at the eleven years sentence * * *."

The Commonwealth argues that the allegations for relief do not meet the standards we require. Newsome v. Com., Ky., 456 S.W.2d 686 (1970). Where the prisoner is proceeding pro se, as here, "* * * we do not impose on him the same standards as those applied to legal counsel." Commonwealth v. Miller, Ky., 416 S.W.2d 358 (1967). The petition must be considered in the light of the determination in the original criminal proceedings that Miller was found to need treatment for a mental disorder. Because of this circumstance we conclude that he is entitled to an evidentiary hearing with counsel, the appointment of which he has unsuccessfully sought as an indigent. He will then be given the opportunity to sustain the very heavy burden of showing that his plea of guilty was so unintelligent "* * * as to entitle him to disavow his admission in open court that he committed the offense with which he was charged." Messer v. Com., Ky., 454 S.W.2d 694 (1970).

The judgment is reversed with directions to appoint counsel for appellant and to grant to him an evidentiary hearing.

All concur, except OSBORNE, J., who did not sit.