**David Alan CASE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 21, 1971.

David Alan Case, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

This is an appeal from an order adjudging, without an evidentiary hearing, that appellant was not entitled to the relief demanded in an RCr 11.42 proceeding. In May 1967 Case pleaded guilty to the offenses charged in seven indictments. Some of his sentences ran concurrently and others consecutively for a total of six years. He is now confined in the penitentiary.

A lawyer was appointed for Case and in November 1967 he filed his first RCr 11.42 proceeding. After an evidentiary hearing the court found that Case had been afforded his full rights both in the juvenile court, where the litigation originated, and in the trial court. An appeal was attempted but never perfected. On January 18, 1971, Case filed a second RCr 11.42 proceeding. The trial court ruled that: "In the present motion the petitioner raises some of the same grounds he set forth in the previous motion and some new grounds. * * * All grounds in the present motion * * * were in the old motion or could have been, therefore cannot be raised in this motion."

RCr 11.42(3) provides that:

"The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."

It is the duty of the states to provide post-conviction remedies to give prisoners the opportunity to demand that a court vacate a judgment when constitutional rights have been abridged or fundamental procedural fairness has not obtained. Long v. District Court of Iowa, 385 U.S. 192, 87 S.Ct. 362, 17 L.Ed.2d 290 (1966); Case v. Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965).

To fulfill that duty we fashioned the procedure authorized by RCr 11.42 and designed it to insure reasonably prompt attention and ease of presentation by the petitioner. We said in Jones v. Breslin, Ky., 385 S.W.2d 71 (1964); "One of the reasons for establishing the post-conviction review procedure under RCr 11.42 was to fix the forum as being the same court under which the original sentence was had because all of the available records would be in that court and thus the expense and responsibility of copying and forwarding various transcripts would be obviated." No specific time was fixed within which relief might be sought. McKinney v. Com., Ky., 445 S.W.2d 874 (1969). Pleadings prepared by the prisoner are not required to meet the standards of those applied to legal counsel. Brooks v. Com., Ky., 447 S.W.2d 614 (1969); Miller v. Com., Ky., 458 S.W.2d 453 (1970). Frequently rules are construed liberally in his favor. Moore v. Com., Ky., 394 S.W.2d 931 (1965). If he is indigent he is provided free counsel. Hammershoy v. Com., Ky., 398 S.W. 2d 883 (1966); Stinnett v. Com., Ky., 446 S.W.2d 292 (1969). Assistance may not be denied him. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). The record is supplied at no expense to him. Robinson v. Pound, Ky., 432 S.W.2d 645 (1968); Wade v. Wilson, 396 U.S. 282, 90 S.Ct. 501, 24 L.Ed.2d 470 (1970). Other litigants are not treated so liberally. However, for those benefits the applicant incurs certain obligations among which are that he must be truthful or he forfeits his right to relief (Commonwealth v. Miller, Ky., 416 S.W.2d 358 (1967)) and subjects himself to further prosecution. Ross

v. Wingo, Ky., 433 S.W.2d 137 (1968). He must accommodate the court by specifying all of the complaints of which he has knowledge and which "could reasonably have been presented" so that *one* careful and complete consideration of his application will conclude the litigation and the courts and the bar will not be required again to devote time and effort to his cause. With the foregoing explanation the necessity of and reason for RCr 11.42(3) become apparent.

 We have been favored with the entire record in the initial RCr 11.42 proceeding. We are referred to nothing in the current proceedings, and we see nothing, which was not or could not have been presented originally. On the basis of our holdings in Kennedy v. Com., Ky., 451 S.W.2d 158 (1970); Satterly v. Com., Ky., 441 S.W.2d 144 (1969); Gray v. Wingo, Ky., 423 S.W.2d 517 (1968), and cases of like import we find no error in the order from which this appeal was taken.

The judgment is affirmed.

All concur.