Hollie ADKINS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1971.

Hollie Adkins, pro se.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of voluntary manslaughter and sentenced to confinement in the penitentiary for a term of fifteen years. He did not appeal that judgment but subsequently moved pursuant to RCr 11.42 that the judgment be vacated.

His motion was overruled without an evidentiary hearing. From that ruling he now appeals.

The basis of the motion to vacate was three-fold.

(1) His constitutional rights were not explained to him.

(2) He did not receive effective assistance of counsel.

(3) He was coerced into entering a plea of guilty.

His motion did not allege that any evidence obtained in violation of his constitutional rights was used against him nor did it allege in what respect his counsel rendered ineffective assistance. His broad general allegations of grounds one and two are not sufficient to entitle him to relief.

A review of his claim that his plea of guilty was the result of coercion shows that the claim is entirely false and that he knew of the falsity when he made and verified the claim. The truth is that he did not enter a plea of guilty but was tried and convicted by a jury.

The federal and the state judiciaries are foundering in a sea of post-conviction litigation. It is natural for every prisoner to grasp at any chance for freedom. It is therefore not surprising that much of the post-conviction litigation is utterly devoid of merit.

Each application for relief requires consideration of the trial court and numerous appeals in this field have greatly burdened the clerk's offices in preparing records for appeal and have occupied a disproportionment percentage of the time of this court. These appeals are given priority for consideration and delay the review of ordinary cases.

The prisoner, like any other litigant, is entitled to be heard on his petition for relief, but, like any other litigant, he should be required to conform to standards of honesty in his application for relief. Claims based upon allegations which are blatently false cannot be tolerated.

In this case the prisoner claims to have been coerced into entering a plea of guilty when a record of the proceedings in the trial court shows that he did not enter a plea of guilty at all but was convicted by a jury after a trial. We have heretofore held that a motion to vacate judgment should be promptly overruled when based upon allegations known to be false. Commonwealth v. Miller, Ky., 416 S.W.2d 358 (1967).

The judgment of the trial court overruling appellant's motion to vacate judgment was proper. In addition to affirming this judgment, we are now constrained to call to the attention of the Attorney General and local prosecuting attorneys that sworn allegations in a court proceeding which are patently false violate our criminal statutes against perjury. We believe it is likely that the prompt indictment and conviction of such offenders will have a much greater chilling effect upon the filing of perjured applications than will the continued summary dismissal of such applications.

The judgment is affirmed.

All concur.