**Samuel Lee TAYLOR, Pro Se, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 82–CA–766–MR.

Court of Appeals of Kentucky.

Oct. 22, 1982.

Samuel Lee Taylor, pro se.

Steven L. Beshear, Atty. Gen., William Davis, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, C.J., and GANT and HOWARD, JJ.

GANT, Judge.

This is a pro se appeal from an order of the Jefferson Circuit Court denying relief to the appellant under RCr 11.42. It is no surprise to this Court that the appeal was undertaken by the appellant pro se, as we cannot conceive of any licensed attorney who would perpetrate or thrust this fraud upon the courts of the Commonwealth.

The appellant was indicted for capital murder and for first degree robbery. Some two months later, he appeared in open court, represented by extremely competent counsel, and entered a plea of guilty to both counts, accepting a sentence of 25 years on the murder charge and 15 years on the robbery charge, the sentences to run concurrently.

Approximately one year later, after consulting with what appellant designates as "lay inmate counsel," appellant filed this motion to set aside his conviction under RCr 11.42, alleging in that motion and in his brief before this Court:

1. That his plea was not voluntarily and intelligently given;

2. That he was not advised of his constitutional rights;

3. That his attorneys failed to make motions to protect his rights.

At the hearing before the lower court on the motion, appellant was confronted with the record and examined by the Commonwealth, under oath. The record and his testimony at that hearing disclose that at the time of his plea of guilty:

1. The charges were patiently and thoroughly explained to the appellant, that he was accompanied by two attorneys from the Public Defender's Office of Jefferson County, one of whom was Frank Heft, Jr., whom this Court considers one of the finest and ablest attorneys in this Commonwealth, and that thereupon appellant entered a plea of guilty of both charges.

2. That the lower court, at the time of the guilty plea, advised appellant of his right to trial by jury, right to confront witnesses against him and to have witnesses testify in his behalf.

3. That his trial attorneys filed motion for pre-trial conference, motion for psychiatric examination, motion for dis-

covery and inspection, motion for a bill of particulars, and two other motions, none of which could be ruled on before appellant entered his plea of guilty.

4. That appellant stated, both at the time of the plea and at the time of the hearing, that he had been satisfied with his attorneys whom he now accuses of ineffective assistance.

This motion and appeal are founded on lies and are totally devoid of merit. Appellant, in a sworn and notarized pleading, alleges facts in support of his motion and subsequently, under oath, either admits their falsity or refuses to answer questions when confronted with previous inconsistent statements. As the court stated in *Adkins v. Commonwealth,* Ky., 471 S.W.2d 721, 722 (1971), "Claims based upon allegations which are blatantly false cannot be tolerated."

We affirm the lower court and express our hope that the lower court proceeded with its declared intention to refer the conduct of the appellant to a Grand Jury for possible indictment for perjury. We further express our hope that the investigation would include the "lay inmate counsel" who advised appellant and prepared his pleadings on this farce and mockery.

All concur.