RENDERED: NOVEMBER 13, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-1423-MR

JUSTIN MATTHEW WALKER                                                         APPELLANT

APPEAL FROM DAVIESS CIRCUIT COURT
v.               HONORABLE JAY A. WETHINGTON, JUDGE
ACTION NOS. 10-CR-00374, 11-CR-00560, AND 12-CR-00691

COMMONWEALTH OF KENTUCKY                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND MCNEILL, JUDGES.

MCNEILL, JUDGE: Justin Matthew Walker ("Walker"), *pro se*, appeals from an

order of the Daviess Circuit Court denying his CR[1] 60.02 motion to vacate, set

aside, or correct judgment and sentence in two cases, 10-CR-00374 and 12-CR-

00691. We affirm.

---

[1] Kentucky Rules of Civil Procedure.

## I. BACKGROUND

On July 14, 2010, Walker was indicted in case number 10-CR-00374 for two counts of third-degree rape concerning alleged sexual intercourse with a female under sixteen years of age. Walker was appointed a public defender attorney and ultimately pled guilty pursuant to a plea agreement to one count of third-degree rape with a recommended sentence of two years, subject to a mandatory five-year period of conditional discharge and registration as a sex offender for twenty years. On April 14, 2011, Walker was sentenced in accordance with the plea agreement, with his sentence being probated for two years. On December 5, 2012, Walker was indicted in 12-CR-00691 for failing to comply with sex offender registration and eventually pled guilty in exchange for a two-year sentence.

On June 1, 2018, Walker filed a motion pursuant to CR 60.02(e) and (f) in both cases, alleging ineffective assistance of counsel in 10-CR-00374 due to counsel's advice to plead guilty despite evidence the victim had represented herself to be of legal age to consent.[2] Walker tendered several printouts purportedly from the victim's MySpace account where she claimed to be over 18, and alleged

---

[2] Walker also alleged that his due process rights had been violated by the circuit court's failure to rule on a previously filed Kentucky Rules of Criminal Procedure (RCr) 11.42 motion in an unrelated case. Walker abandoned this argument in his appellate brief, so we decline to address it. Further, the circuit court denied Walker's RCr 11.42 motion in the same order as his CR 60.02 motion, and Walker has not appealed this ruling.

counsel was aware of this evidence at the time she advised Walker to plead guilty. Walker made no specific CR 60.02 argument as to 12-CR-00691.

By order entered September 4, 2018, the circuit court denied the motion in both cases, holding that Walker's ineffective assistance of counsel argument should have been brought pursuant to RCr 11.42. Further, the court held that Walker's claims under CR 60.02(e) and (f) were not made within a reasonable time as required by the rule, because Walker alleged that counsel was aware of the evidence at the time she advised him to plead guilty. Walker appeals as a matter of right.

## II. STANDARD OF REVIEW

As an initial matter, we note that Walker's appellate brief does not comply with CR 76.12, containing no citations to the record and no statement of preservation of the issues he raises on appeal. Although CR 76.12(8)(a) allows this Court to strike a brief for noncompliance, *pro se* litigants are often granted leniency, and because Walker's arguments can easily be resolved on the merits, we decline to do so. *Miller v. Commonwealth*, 458 S.W.2d 453, 454 (Ky. 1970).

"We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal

principles." *Id.* (citation omitted). "Therefore, we will affirm the lower court's decision unless there is a showing of some 'flagrant miscarriage of justice.'" *Id.* (citation omitted).

## III.  ANALYSIS

The circuit court denied Walker's CR 60.02 motion as an improper avenue for his ineffective assistance of counsel claim and as untimely. We agree. "CR 60.02 allows appeals based upon claims of error that were unknown and could not have been known to the moving party by exercise of reasonable diligence and in time to have been otherwise presented to the court." *Meece v. Commonwealth*, 529 S.W.3d 281, 285 (Ky. 2017) (internal quotation marks and citation omitted). "It is for relief that is not available by direct appeal and not available under RCr 11.42." *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

Walker alleges his counsel was ineffective in advising him to plead guilty to third-degree rape while aware of evidence that the victim had represented herself to be of age to consent to sexual intercourse. This claim was known to him at the time of his guilty plea and could and should have been brought pursuant to RCr 11.42. Our case law is clear that "CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues

which cannot be raised in other proceedings." *Meece*, 529 S.W.3d at 286 (citation omitted).

Further, motions pursuant to CR 60.02(e) and (f) must be made within a "reasonable time[.]" The circuit court correctly concluded that Walker's CR 60.02 motion, made seven years after he was first made aware of its allegations, was untimely. Accordingly, we hold that the circuit court properly denied appellant's CR 60.02 motion.

## IV. CONCLUSION

For the foregoing reasons, the order of the Daviess Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Justin Matthew Walker, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky