RENDERED:  MAY 9, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0146-MR

GARY VANDER BOEGH AND JUDY
VANDER BOEGH                                                       APPELLANTS


APPEAL FROM BALLARD CIRCUIT COURT
v.        HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 21-CI-00065


BRIAN VANDER BOEGH AND
CAROL VANDER BOEGH                                                 APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

ACREE, JUDGE:  Appellants Gary and Judy Vander Boegh appeal the Ballard

Circuit Court's order to partition land by sale.  We affirm.

## BACKGROUND

In October of 2021, Appellees Brian and Carol Vander Boegh filed a

complaint for partition of real estate on land held jointly with Appellants Gary and

Judy Vander Boegh. Brian and Gary are siblings. Brian and Carol hold title to an undivided 5/6 interest in 118.5 acres of real estate in Ballard County and Gary and Judy hold title to an undivided 1/6 interest in the same 118.5 acres.

The land is cropland, woodland, and land that lends itself to hunting. Brian and Carol sought partition by sale, arguing the subject land is highly dissimilar and contains improvements making physical division of the property impracticable. Litigation ensued for two and a half years with Gary and Judy representing themselves *pro se*.

A final hearing was held on November 7, 2023, to determine whether the land may be physically divided without materially impairing the value of the land as a whole. Brian and Carol presented expert testimony from Ben Bolinger, a Kentucky certified appraiser, who testified it would be physically difficult to divide the land into two portions due to configuration of blinds, wells, and waterfowl feeding areas on the property. He further testified that dividing the land into tracts smaller than 40 acres would greatly diminish the value of the land as a whole. This opinion was established through market data as well as interviews with reputable waterfowl guides in the area.

Mr. Bolinger provided the court with two property valuations. First, he valued the 118.5 acres as a whole at $1,145,000.00. Second, he valued the property at $1,049,968.00 if it were sub-divided into two tracts (19.75 acres to

Gary and Judy and 98.75 acres to Brian and Carol). That is, physically dividing the property would diminish the property value by $95,032.00.

Gary and Judy did not present expert testimony, nor did they present any evidence regarding a proposal for physical division. Notably, upon questioning by the court about the possibility of physically dividing the property, Gary and Judy's lay witness said it would be "very difficult to divide the subject property due to the nature and use of the property." (Record (R.) at 633).

After the final hearing concluded, Gary and Judy filed several documents throughout November and December seeking to introduce new evidence, including an aerial photo diagramming their requested 1/6 interest located in one corner of the farm. After repeated requests and over objection from Brian and Carol, the court allowed its introduction because it would "have no bearing on the court's ruling on divisibility of the subject property which will only be based on the testimony and evidence introduced at the November 7, 2023 final hearing in this matter." (R. at 628).

On December 11, 2023, the trial court entered its findings of fact, conclusions of law, and judgment. It found Gary and Judy's failure to provide expert testimony as to whether the land could be divided or whether a division of the land would materially impair the land's value to be detrimental to their claim and argument for physical division. Noting Mr. Bolinger's opinion that a division

of the land would cause a $95,032.00 devaluation, the court: (1) determined as fact that the subject property cannot be divided without materially impairing its value as a whole; (2) denied Gary and Judy's motion to divide the property as shown on the aerial photo; and (3) ordered the sale of the subject property in accordance with the provisions of KRS[1] 389A.030.

Gary and Judy filed a motion to alter, amend, or vacate this order. After briefing from both parties, the court denied the motion. This appeal follows, raising several of the same nondispositive issues raised in the motion to vacate.

## ANALYSIS

In an appeal from a bench trial without a jury, the trial court's findings of fact "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." CR[2] 52.01. "If the trial judge's findings of fact in the underlying action are not clearly erroneous, *i.e.*, are supported by substantial evidence, then the appellate court's role is confined to determining whether those facts support the trial judge's legal conclusion." *Commonwealth v. Deloney*, 20 S.W.3d 471, 473-74 (Ky. 2000).

We begin by noting the issues raised on appeal are not entirely clear. Appellants primarily argue the trial court erred in failing to deny their motion to

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

vacate under CR 59. That order is interlocutory and nonappealable. *Turner v. Turner*, 672 S.W.3d 43, 49-50 (Ky. App. 2023). However, because the arguments raised in their CR 59 motion relate to their efforts to supplement the hearing record prior to entry of the trial court's December 11, 2023 order and to the order itself, we review those arguments as they are repeated in their brief.

**A. The trial court did not err when it declined to consider Appellants' untimely aerial photo**.

Appellants contend the court erred in not considering their untimely offering of the aerial photo as evidence. While this exhibit was offered through various filings styled as motions to amend the record, the photo was not offered at or before the November 7th final hearing. (*See* Video Record (VR) 11/07/23). Appellants claim the court's failure to consider the photo was "based on a predetermination of the case" and a "refus[al] to address the relevant substantial evidence that the property could be divided without hindering the 'market value'." (Appellants' Brief at 7).

In one of Appellants' filings on this issue, they state, "[i]t is the understanding of the Pro Se Litigant [sic] that the need to provide proof of a map with the wells, blinds, [sic] waterfowl feeding areas was not required until the issue arose in the [Plaintiff's] appraisal." (R. at 622).

It is well established in the Commonwealth that courts will not hold a *pro se* litigant to the same standard as legal counsel, treating the *pro se* litigant

with leniency. *See Commonwealth v. Miller*, 416 S.W.2d 358, 360 (Ky. 1967); *Case v. Commonwealth*, 467 S.W.2d 367, 368 (Ky. 1971). However, there are limits to the lenient treatment of *pro se* litigants. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no justification for treating that party more generously than a represented litigant. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Here, Appellants were aware of – and attended – the November 7th final hearing, which was continued pursuant to their request. Appellants did not offer any evidence pertaining to their proposal for property division at the hearing. In fact, during the hearing, the court asked numerous times whether both parties had any additional evidence. (VR 11/07/23 at 11:32:20). Appellants responded in the negative and shortly thereafter rested. (VR 11/07/23 at 11:32:23).

After resting their case, Appellants informed the court they did not know the issue of appraisal would be addressed at the hearing, but they had contacted an appraiser who was not present and would purportedly be preparing a report on their behalf. (VR 11/07/23 at 11:36:25). Noting the nature of the final hearing, the court informed Appellants that a request to leave the issue open was not timely. (VR 11/07/23 at 11:36:40).

At the end of the hearing, the court found the property could not be divided without materially affecting the land's value. (VR 11/07/23 at 11:40:00). However, the court informed the parties as follows:

> Until ink gets on the page, it would be wise . . . if [Appellants] have an idea on any proposal [they] want to make to the court on which 19.5 acres [they] get, and if [they] can convince the court that it wouldn't devalue [Appellees'] . . . if the court were to consider some proposal, *that has to be by agreement*, and I suspect that is as wide as the Atlantic Ocean, but if you all can reach an agreement as far as which 19 acres you get, there it is. If you can't, you can't.

(VR 11/07/23 at 11:40:47 (emphasis added)). No such proposal was made. Instead, Appellants filed multiple motions seeking to partition the land as diagrammed on the aerial photo. No indication was made in any of these motions that the proposed partition was made after consultation with Appellees, much less after obtaining *agreement* with Appellees.

Although we are mindful of the lenience afforded to *pro se* litigants – and of the complexity of civil procedure – we cannot ignore the absurd outcomes that would result from allowing parties to submit evidence after the close of a final hearing. We find no error.

**B. The trial court did not err in denying a jury trial**.

Appellants' next argument is that KRS 389A.030 and KRS 381.135(10) are unconstitutional because they do not allow for a jury trial.

Specifically, they argue the court "completely ignored" their requests for a jury trial and the civil right to a jury trial "cannot be denied by a statute." (Appellants' Br. at 8).

In making this argument, Appellants rely on CR 39.01, which provides in pertinent part: "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action." CR 39.01. However, CR 38 is fatal to this argument. "The right of trial by jury *as declared by the Constitution of Kentucky* or *as given by a statute of Kentucky* shall be preserved to the parties inviolate." CR 38.01 (emphasis added).

Neither the Seventh Amendment to the United States Constitution nor Section 7 of the Kentucky Constitution *creates* a jury trial right. *Kentucky Commission on Human Rights v. Fraser*, 625 S.W.2d 852, 854 (Ky. 1981). Both simply preserve that right as it already existed under the common law. *Id*. (citations omitted).

KRS 389A.030, the controlling statute for Brian and Carol's action, states in no uncertain terms that such actions "shall be tried without a jury." KRS 389A.030(1). Appellants cannot create a right to a jury trial in actions where such right does not exist. Accordingly, the trial court did not err in denying Appellant's demand for a jury trial.

**C. The trial court did not err in declining to apply the appraisal process provided in KRS 381.135.**

Lastly, Appellants contend the "actual amount of the appraisal is in question since an independent commission was not appointed [n]or [was] a county appraiser." (Appellants' Br. at 10). This argument summarizes the process afforded in KRS 381.135, which applies when "the court is satisfied from the evidence that the property is divisible, without materially impairing the value of any interest therein." KRS 389A.030(3).

Here, the court found the property could not be divided without materially impairing its value. KRS 381.135 delineates procedures in the event the property is *divisible* and KRS 389A.030 delineates procedures for *indivisible* property. As such, the proper mechanism for the action is found in KRS 389A.030, and the appraisal process of KRS 381.135 does not apply.

## CONCLUSION

Based on the foregoing, the Ballard Circuit Court's order is AFFIRMED.

ALL CONCUR.

-9-

BRIEFS FOR APPELLANTS:

Gary Vander Boegh, *pro se*
Judy Vander Boegh, *pro se*
West Paducah, Kentucky

BRIEF FOR APPELLEES:

Bryan E. Wilson
Mayfield, Kentucky