**Carl Ray SCHROADER and Harley Duplin, Appellants,**

**v.**

**Luther THOMAS, Warden, Kentucky State Penitentiary, Eddyville, Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 6, 1964.

Rehearing Denied March 19, 1965.

Carl Ray Schroader and Harley Dupin, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

This is an appeal from a denial of habeas corpus, but before considering the merits a summary of the background is essential.

The appellants were convicted in July, 1963, in the Ohio Circuit Court of armed robbery and were sentenced to life imprisonment. There was no motion for a new trial made in that action and no appeal taken. Subsequently, in February, 1964, the appellants (as petitioners) filed a motion in the Ohio Circuit Court to vacate the judgment of conviction, the motion was set for hearing and, in the absence of the petitioners or their representatives, the motion was overruled with apparently no actual hearing being had. Thereafter, the appellants (as petitioners) assert that they filed notice of appeal of the order overruling their motion to vacate their judgment of conviction, but no appeal as such ever reached this Court, and the Judge of the Ohio Circuit Court declared that the appellants (as petitioners) had filed a motion for a copy of "the record on appeal on a motion to vacate the judgment;" he declared that his court would supply the record as soon as it was transcribed if this Court desired it.

Apparently, the appellants thought they had been denied the record, for they filed a mandamus action in this Court asking us to direct the Ohio Circuit Court to supply them the record and, on June 26, 1964, we refused to direct that court to supply it in view of the willingness of the trial judge to supply it when available. Instead of completing the appeal of the Ohio Circuit Court judgment refusing to vacate their conviction, the appellants, pro se, switched their tactics and sought relief by habeas corpus in the Lyon Circuit Court in August, 1964.

The present appeal is from a denial of relief in their habeas corpus action seeking to vacate their judgment of conviction. In denying relief, the Judge of the Lyon Circuit Court commented that while the petitioners (appellants) "have filed a motion to vacate judgment, and have filed a notice of appeal upon the denial of said motion, it does not appear that such appeal has been perfected. Where the legality of conviction and subsequent incarceration

can be tested by a motion to vacate judgment, that remedy is exclusive. Ayers v. Davis (1964), Ky., 377 S.W.2d 154. Petitioners' remedy is by perfecting their appeal or if the time has expired therein, by filing a new motion to vacate judgment in the court which convicted them."

 The post-conviction remedy under RCr 11.42 is constitutionally adequate if the trial courts adequately apply it. We are not required to spin our wheels reviewing post-conviction actions repeating in effect similar actions by the same petitioners asserting similar grounds for relief. (Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148), nor do we require trial courts of this jurisdiction to grant hearings in such cases where the substance of the allegations have been considered on the merits in a previous hearing. Baker v. Davis, Ky., 383 S.W.2d 125, decided October 9, 1964. However, in the case of the present appellants there does not appear to have been such a hearing on the merits in the motion to vacate judgment action in the Ohio Circuit Court as to satisfy constitutional standards; the petitioners were not present in court nor was counsel present to represent them. So far as we can deduce from the record before us, the Ohio Circuit Court checked the charges presented by the motion and satisfied itself that they were unfounded and of no consequence legally. If the trial courts in these post-conviction actions alleging substantial grounds for relief will grant hearings on the charges and make specific written findings disposing of the grounds alleged, then this Court has available the bases of decision and can satisfy itself in case of appeal as to whether the standards of due process have been met in the trial and conviction of the various petitioners.

We affirm the judgment of the Lyon Circuit Court denying habeas corpus, but because the habeas corpus action is seeking essentially the same relief sought in the Ohio Circuit Court by the motion to vacate the judgment and for the same reasons, we direct the Lyon Circuit Court to remand the record of this proceeding to the Ohio Circuit Court where it shall be considered as a motion to vacate judgment under RCr 11.42, a hearing held and specific written disposition made of the grounds asserted for relief and the reasons therefor, and that court should appoint counsel to assist them.

The judgment is affirmed for proceedings consistent with this opinion.

MONTGOMERY, J., dissents for the reason stated in his dissenting opinion in Ayers v. Davis, Ky., 377 S.W.2d 878.