**Robert Lee ROWE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 25, 1966.

Robert Lee Rowe, pro se.

Robert Matthews, Harold T. Hotopp, Frankfort, for appellee.

HILL, Judge.

Rowe appeals from a judgment overruling without a hearing his motion under RCr 11.42 to vacate a judgment entered July 12, 1963, under which he received a life sentence for armed assault with intent to rob.

The following two grounds are set out in the motion to vacate:

(1) "Movant should have been advised that he was not allowed to enter a plea of guilty on a capital offense especially without the knowledge of a jury.

(2) "Movant charges that he was coerced into a confession. * * *"

The judgment appealed from recites that appellant filed a similar motion to vacate on September 26, 1963, on which he was given a hearing November 1963 at which movant personally appeared. The first motion was overruled during the same term in which he had his first hearing.

RCr 11.42 provides that: "Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding." This court said in Schroader v. Thomas, Ky., 387 S.W.2d 312 (1964): "We are not required to spin our wheels reviewing post-conviction actions repeating in effect similar actions by the same petitioners asserting similar grounds for relief."

No appeal was prosecuted from the judgment overruling his first motion to vacate. Nevertheless, we have carefully examined the two arguments made by appellant and the letter of the commonwealth's attorney and find no merit in either. The net effect of the promise of the commonwealth's attorney was to recommend leniency on condition he would "tell the whole facts" on the trial of his codefendants. This letter was written after his conviction and while he was in prison. The promise contained in the letter had nothing to do with the entry of his guilty plea. The leniency referred to therein, we believe, pertained to recommendations for parole as the letter goes on to say, "should you desire and make up your mind to tell the whole facts, I am sure that it would be to your interest to do so."

The judgment is affirmed.