**Wayne LYCANS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 14, 1974.

Wayne Lycans, pro se.

Ed W. Hancock, Atty. Gen., Robert W. Riley, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted in the Pike Circuit Court upon pleas of guilty to charges of armed robbery, malicious shooting without wounding, malicious striking with intent to kill, escaping from jail and attempting to escape from jail.

By agreement of the prosecution the sentences imposed upon all of these charges were to run concurrently.

Appellant filed a motion to vacate judgment (RCr 11.42) which was overruled without an evidentiary hearing. Appellant then attempted an appeal from the order overruling his motion to vacate judgment but the appeal was dismissed in this court because he did not properly file a notice of appeal.

Appellant subsequently filed a second motion to vacate judgment in the Pike Circuit Court in which he restated the grounds of his original motion to vacate and added additional grounds. The additional grounds enumerated by him could have been included in his original motion to vacate.

The second motion to vacate judgment was overruled without an evidentiary hearing and this appeal is from that order.

We have consistently held that issues which could have been presented in an initial motion to vacate judgment cannot thereafter be raised by subsequent motions. Satterly v. Commonwealth, Ky., 441 S.W. 2d 144 (1969); Gray v. Wingo, Ky., 423 S.W.2d 517 (1968) and RCr 11.42(3).

Appellant relies upon Schroader v. Thomas, Ky., 387 S.W.2d 312 (1965).

*Schroader* involved a situation in which a motion to vacate judgment was denied, an appeal taken, and a petition for habeas corpus was filed before the appeal from the order denying the motion to vacate was decided.

We affirmed the denial of habeas corpus upon the ground that the motion to vacate was the proper procedural route. The proper procedure upon denial of the motion to vacate was to appeal rather than petition for habeas corpus.

The opinion in *Schroader* contained this language:

"'* * * Where the legality of conviction and subsequent incarceration can be tested by a motion to vacate judgment, that remedy is exclusive. Ayers v. Davis, (1964) 377 S.W.2d 154. Petitioners' remedy is by perfecting their appeal or if the time has expired therein, by filing a new motion to vacate judgment in the court which convicted them.'"

Upon further consideration we have decided that when a prisoner fails to appeal from an order overruling his motion to vacate judgment or when his appeal is not perfected or is dismissed, he should not be permitted to file a subsequent motion to vacate as suggested by the dicta in *Schroader*. If such a procedure were allowed there would be no end to the successive applications for post-conviction relief.

The reasons supporting and the need for final disposition of litigation are applicable to petitions for post-conviction relief as to other areas of law. To the extent that *Schroader* stands as authority for the filing of subsequent motions to vacate judgment when an appeal from an order denying a motion to vacate is not perfected or is dismissed, it is hereby overruled.

This disposition of the appeal makes it unnecessary to consider other issues raised.

The judgment is affirmed.

All concur.