RENDERED:  SEPTEMBER 17, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0764-MR

THOMAS J. MILLER                                                         APPELLANT


APPEAL FROM MEADE CIRCUIT COURT
v.       HONORABLE KENNETH HAROLD GOFF, II, JUDGE
ACTION NO. 11-CR-00050


COMMONWEALTH OF KENTUCKY                                 APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Thomas J. Miller brings this appeal from a May 27, 2020,

Opinion and Order of the Meade Circuit Court denying his Kentucky Rules of

Criminal Procedure (RCr) 11.42 motion to vacate his sentence of imprisonment.

We vacate and remand.

The underlying relevant facts have been previously summarized by

the Kentucky Supreme Court in Miller's direct appeal as follows:

Miller and Misty Walton were married for approximately two and a half months in 1994. After their divorce, Walton gave birth to their daughter, [K.M.] [K.M.] lived with Walton for approximately three and a half years then lived with Miller, his second wife, Rene, and their children until 2004, when she returned to live with Walton. From 2004 until 2007 [K.M.] did not have any contact with Miller; however, in 2007, [K.M.] began regular visitation with Miller, which she continued until late 2009.

In mid–December 2009, [K.M.], who was then fourteen years old, told her mother that Miller had sexually abused her. Walton took [K.M.] to the sheriff's office and to the Kentucky State Police post where she was interviewed by Det. Gabhart. [K.M.] told Det. Gabhart that, when she was between the ages of five and eight, she and Miller engaged in oral sexual activity a number of times. Det. Gabhart then interviewed Miller, who denied any sexual contact with [K.M.] Miller stated that he believed [K.M.] had made the allegations because he had told her to stop spending time with a boy she liked. Miller also stated that he had told his son, who went to the same school, to tell the boy to stay away from [K.M.]

Approximately one month later, Walton advised Det. Gabhart that another girl, [S.P.], stated that Miller had also sexually abused her. Det. Gabhart interviewed [S.P.] in early May 2010. [S.P.] told Det. Gabhart that, sometime between Thanksgiving and Christmas of 2009, she was at Miller's house when he touched her breasts twice and forced her to perform oral sex on him. Det. Gabhart then re-interviewed Miller. Miller denied touching [S.P.] and stated that he did not know why [S.P.] would make such allegations. We note that, at the time, Miller was being held in the Meade County jail.

In April 2011, a grand jury indicted Miller on one count of first-degree sodomy involving a victim less than

12 years of age for engaging in deviate sexual intercourse with [K.M.] between 2000 and 2003. The grand jury also indicted Miller on one count of sodomy for an act of deviate sexual intercourse with [S.P.] in November or December 2009.

At trial, Det. Gabhart testified generally about the interviews he conducted with [K.M.], [S.P.], and Miller. On cross-examination, Miller's counsel asked Det. Gabhart if he advised Miller of his rights before conducting the second interview with him. Det. Gabhart responded as follows: "He was in jail in Meade County, yes sir." Miller immediately moved for a mistrial. The trial court, after conducting an in-chambers discussion with counsel, denied that motion. The court did, however, admonish the jury as follows: "The only thing you are to consider in relationship to his [Det. Gabhart's] last answer is that he did in fact read Mr. Miller his rights."

At trial, [K.M.], who was 18 at the time, testified that when she was three or four years of age she and Miller were on the couch watching a movie when he began to fondle her vagina and to rub her chest. She also testified that he came into her room at night and fondled her and that he fondled her in the bathtub. According to [K.M.], Miller called her into his room numerous times and they performed oral sex on each other while watching pornographic videos. Furthermore, [K.M.] testified that Miller attempted to perform anal sex with her but stopped when he got feces on his penis and that he tried to engage her in sexual activity outside but she refused because she feared they would be seen.

. . . .

[S.P.], who was extremely upset on the witness stand, testified that she and her family were at the Millers' house to celebrate the birthday of [K.M.]'s younger half-sister. When asked what happened that

night, [S.P.] initially said that she could not remember the details. The judge called a recess and took [S.P.] and the parties into his chambers, where he advised [S.P.] that she needed to try to calm down and to tell the truth about what she remembered. [S.P.] regained some control and, when she returned to the stand, she testified about Miller forcing her to perform oral sex. On cross-examination, Miller pointed out discrepancies between [S.P.]'s testimony and her statement to Det. Gabhart, noting in particular her failure to mention anything about Miller touching her breasts.

*Miller v. Commonwealth*, Nos. 2014-SC-000046-MR and 2014-SC-000178-TG, 2015 WL 6560448, at *1-2 (Ky. Oct. 29, 2015) (footnotes omitted).

The jury ultimately convicted Miller upon both counts of sodomy. By judgment entered January 9, 2014, Miller was sentenced to fifty-years' imprisonment for the offense of first-degree sodomy as to K.M., and to twenty-years' imprisonment as for the offense of first-degree sodomy as to S.P., to run consecutively for a total of seventy-years' imprisonment. A direct appeal ensued to the Kentucky Supreme Court, and the Supreme Court affirmed in *Miller v. Commonwealth*, Nos. 2014-SC-000046-MR and 2014-SC-000178-TG, 2015 WL 6560448 (Ky. Oct. 29, 2015).

Miller then filed the instant RCr 11.42 motion alleging that trial counsel and appellate counsel rendered ineffective assistance. The circuit court denied the RCr 11.42 motion by Opinion and Order entered May 27, 2020. This appeal follows.

Miller contends that the circuit court erroneously denied his RCr 11.42 motion to vacate his sentence of imprisonment. Miller argues that trial counsel rendered ineffective assistance by failing to object to the jury instruction upon first-degree sodomy of K.M. as violative of the unanimity requirement of Section 7 of the Kentucky Constitution. Miller points out that during trial, K.M. testified to at least two separate instances of sodomy occurring between January 1, 2000, and December 21, 2003. Miller argues that trial counsel, however, failed to object to the jury instruction upon first-degree sodomy even though it was violative of the unanimity requirement. Miller also asserts that appellate counsel was ineffective for failing to raise the issue of jury verdict unanimity in the direct appeal to the Supreme Court (Appeal Nos. 2014-SC-000046-MR and 2014-SC-000178-TG, 2015 WL 6560448 (Ky. Oct. 29, 2015)).

To prevail upon the claim of ineffective assistance of trial counsel, defendant must demonstrate that trial counsel's performance was deficient and that such deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice occurs when there is a reasonable probability that the outcome of the trial would have been different. *Id.* As to ineffective assistance of appellate counsel, defendant must, likewise, demonstrate that appellant counsel's performance was deficient and that such deficient performance was prejudicial. *Hollon v. Commonwealth*, 334 S.W.3d 431, 436-37 (Ky. 2010). Prejudice occurs

-5-

when there is a reasonable probability that the appeal would have succeeded. *Id.* at 431. And, an evidentiary hearing is required if there are allegations that cannot be resolved upon the face of the record. *Robbins v. Commonwealth*, 365 S.W.3d 211, 213 (Ky. App. 2012).

The jury instruction at issue read:

INSTRUCTION NO. 1
SODOMY IN THE 1ST DEGREE, VICTIM LESS
THAN 12 YEARS OF AGE

You will find [Miller] guilty of Sodomy in the First Degree, Victim Less than Twelve (12) Years of Age under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A.   That in this county on, about, or between January 1, 2000 and December 31, 2003, and before the finding of the Indictment herein, [Miller] engaged in deviate sexual intercourse with [K.M.];

AND

B.   That [K.M.] was less than twelve (12) years of age at the time of such deviate sexual intercourse.

September 12, 2003, Instructions to the Jury at 1-2.

In *King v. Commonwealth*, 554 S.W.3d 343, 352 (Ky. 2018), the Supreme Court recognized that a jury instruction constitutes a violation of the unanimity requirement:

[W]hen a single jury instruction, based on evidence of two or more separate instances of criminal conduct,

authorizes the jury to convict the defendant of only one crime.

The *King* Court explained that such duplicitous jury instruction violated the constitutional unanimity requirement as:

> [E]ach charge of sexual abuse contained in the jury instructions was based upon multiple, separate acts of sexual abuse mentioned in the evidence, and so it cannot be determined that all twelve jurors agreed upon the criminal acts for which King was convicted.

*King*, 554 S.W.3d at 352.

In its May 27, 2020, Opinion and Order, the circuit court reasoned that the jury instruction was not duplicitous as K.M.'s testimony as to separate acts of sodomy was admissible evidence. The circuit court also believed "[h]ad the Commonwealth indicted Miller on more than one count of Sodomy in the First Degree, Victim Less than 12 Years of Age, it would have been required to include specifics in the instructions; however, that is not the case here." Opinion and Order at 6.

The admissibility of evidence of multiple acts perpetrated by a defendant under Kentucky Rules of Evidence (KRE) 404(b) and the unanimity requirement as to a jury instruction requires the court to engage in separate and distinct legal analysis. *Id.* Therefore, even if multiple acts evidence is admissible, a jury instruction may still violate the unanimity requirement.

Moreover, *King* recognized that there are two "variants" of unanimous verdict issues. *King*, 554 S.W.3d at 351-52. The first variant exists where multiple offenses are charged but the jury instructions fail to factually differentiate between each offense. *Id.* at 351; *Harp v. Commonwealth*, 266 S.W.3d 813, 817-18 (Ky. 2008). The second variant exists where a jury instruction authorizes the jury to convict upon one crime but there is evidence of at least two separate crimes. *King*, 554 S.W.3d at 352. The circuit court failed to recognize that this case potentially involved the second variant and not the first. As such, the circuit court's legal reasoning was flawed.

For this reason, we vacate and remand for the circuit court to reconsider Miller's allegations of ineffective assistance of trial counsel and appellate counsel based upon the jury verdict unanimity issue. In doing so, the circuit court shall follow the dictates of *King*, 554 S.W.3d 343, and of this Opinion.

For the foregoing reasons, the Opinion and Order of the Meade Circuit Court is vacated and remanded for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Javier Esteve
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLANT:

Dennis J. Burke
Assistant Public Advocate
Department of Public Advocacy
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Bryan Morrow
Assistant Attorney General
Frankfort, Kentucky