RENDERED:  JULY 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1106-MR

HERMAN HELM　　　　　　　　　　　　　　　　　　　　APPELLANT


v.　　　　APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE LARRY ASHLOCK, JUDGE
ACTION NO. 20-CR-00901


COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, ECKERLE, AND L. JONES, JUDGES.

ECKERLE, JUDGE:  Appellant, Herman Helm ("Helm"), brings this *pro se* appeal challenging the Hardin Circuit Court's Order denying his motions seeking relief pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42 and Kentucky Rule of Civil Procedure ("CR") 60.02(e) and (f).  Finding no basis for relief, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In May of 2020, Helm rented a 2019 Chevrolet pickup truck (the "Truck") from a U-Haul rental business ("U-Haul"). On or about June 4, 2020, Helm failed to return the truck to U-Haul upon the expiration of the rental period. U-Haul requested Helm return the Truck, but he did not. Consequently, U-Haul reported Helm's unlawful possession to law enforcement. On June 11, 2020, Officer Sean Perry ("Perry"), of the Vine Grove Police Department, observed Helm, who was operating the Truck, commit a traffic violation. Perry initiated a traffic stop and discovered the Truck's stolen status. Perry arrested Helm and conducted a search incident to arrest. Within the vehicle, Perry located a pipe and observed suspected methamphetamine residue.

During the stop, Helm consented to Perry's search of his cell phone. The Uniform Citation provides factual recitations of text messages supporting the conclusion that Helm failed to return the Truck timely and that Helm was aware that U-Haul had reported the Truck to law enforcement as stolen. For example, U-Haul provided Helm with text messages concerning the Truck's rental return date and warnings requesting Helm return the Truck. Helm demonstrated receipt of U-Haul's communications by virtue of promising to deliver the necessary funds to cover the costs of failing to return the Truck in a timely fashion. Nonetheless, Helm did not provide these funds, instead ignoring further communications from

-2-

U-Haul. Eventually, on June 9, 2020, U-Haul texted Helm that it had contacted law enforcement to report the stolen Truck.

In October of 2020, a Hardin County Grand Jury indicted Helm on the following criminal charges: Count 1, Receiving Stolen Property, $10,000 or more; Count II, Illegal Possession of a Controlled Substance (Methamphetamine), First Degree; Count III, Illegal Possession of Drug Paraphernalia; Count IV, Failure To or Improper Signal; and Count V, Persistent Felony Offender, First Degree.

In April of 2021, Helm entered into a plea agreement, whereby the Commonwealth agreed to amend Count I to the lesser charge of Receiving Stolen Property, over $500 (a Class D felony), and dismiss without prejudice Count IV, Failure To or Improper Signal. In exchange for Helm's guilty plea, the Commonwealth recommended the following sentence: five years on Count I, enhanced to 12 years by virtue of Helm's status as a first-degree, persistent felony offender under Count V; three years on Count II; and, 12 months on Count III. The Commonwealth recommended the sentences run concurrently for an aggregate of 12 years, probated for a period of five years.

On June 7, 2021, the Trial Court entered judgment on Helm's guilty plea, and imposed the recommended sentence of 12 years, probated for a period of five years. The Trial Court's judgment and sentence[1] erroneously listed the

_____

[1] The Trial Court utilized Administrative Office of the Courts Form Order 445.

charges Helm pleaded guilty to as those listed in his indictment. Trial Record ("TR") p. 111. While the sentencing length was correct, the judgment's sentencing section failed to identify Helm's amended charge of Receiving Stolen Property, $500.00 or more, a Class D felony. TR p. 112. Instead, the Trial Court listed Receiving Stolen Property, $10,000 or more as the correlating charge. It was not until February 3, 2023, that the Trial Court became aware of these underlying errors. On this date, the Trial Court entered an Amended Judgment and Sentencing Order reflecting the amended charge of Receiving Stolen Property, $500.00, as the charge Helm had pleaded guilty to committing. TR p. 143.

In October of 2021, while on probation, Helm was charged with, and pleaded guilty to, Driving Under the Influence, First Offense. Upon his release from custody, Helm failed to report to Probation and Parole. In February of 2022, due to Helm's new criminal charge and having absconded from supervision, the Trial Court issued an arrest warrant. Helm evaded arrest until March 15, 2022, when he was arrested and charged with Assault, Fourth Degree.

On June 21, 2022, Helm stipulated to violating the terms of his probation. As a result, the Trial Court revoked Helm's probation and imposed the sentence of 12-years' imprisonment.[2]

---

[2] The Trial Court also found Helm in contempt of court based on his offending conduct and language. The Trial Court sentenced Helm to serve 179 days in the Hardin County Detention Center prior to serving his 12-year sentence.

On January 13, 2023, Helm, proceeding *pro se*, submitted a motion to the Trial Court seeking to alter, amend, or vacate his sentence pursuant to RCr 11.42. Helm asserted three arguments in support of his motion. Helm's first and second arguments were based on the above-mentioned errors found in the Trial Court's original judgment and sentence. In his third argument, Helm alleged ineffective assistance of counsel, citing his confusion regarding the exact nature of the charges to which he pleaded guilty. Helm, who reasonably believed he was convicted of the more serious offense of Receiving Stolen Property over $10,000, argued that his trial counsel failed to obtain and advise him as to the possibility of receiving lesser charges. Accordingly, Helm requested that the Trial Court appoint counsel and conduct an evidentiary hearing on his motion.

On February 3, 2023, the Trial Court issued an order denying Helm's motion without an evidentiary hearing or appointment of counsel. The Trial Court first opined that Helm failed to verify his motion in conformity with RCr 11.42(2), thereby requiring summary dismissal. Nevertheless, notwithstanding this procedural deficiency, the Trial Court analyzed the substantive grounds Helm asserted in his motion. Regarding Helm's first and second arguments, the Trial Court found that Helm's sentence remained "valid as he was sentenced to twelve (12) years pursuant to a plea on an amended charge that is a Class D felony enhanced by a PFO 1st." TR p. 145. In footnote 1 of the Trial Court's order, it

-5-

noted the separate order correcting the "clerical errors" contained in the judgment and sentence. TR p. 145. As for Helm's ineffective assistance of counsel arguments, the Trial Court ruled that the record directly refuted Helm's factual assertions as apparent from the plea agreement that amended down the most serious charge of receiving stolen property.

On July 3, 2023, and again on August 16, 2023, Helm filed identical motions to alter, amend, or vacate his sentence pursuant to RCr 11.42 and CR 60.02(e) and (f) (collectively, the "Motion").[3] Helm argued that his trial counsel was ineffective by failing to conduct a proper investigation as to the charge of receiving stolen property. In his view, Helm believed that U-Haul records, specifically the U-Haul rental agreement, provided meritorious defenses to the charge of receiving stolen property. Helm admitted that the Truck's return date was on or about June 3, 2020, but asserted that the rental agreement afforded Helm the option of paying additional fees to extend the rental period. Furthermore, Helm cited Kentucky Revised Statutes ("KRS") 514.020(3) for the proposition that U-Haul was not lawfully permitted to report the Truck stolen until ten days after the expiration of the rental agreement. To summarize, Helm's arguments of

---

[3] The Trial Court's Order recognized the identical language of both motions, noting that the only difference was Helm's change of address. The Trial Court's Order stated that it had considered Helm's August 16, 2023, motion as a continuance of his prior motion filed July 3, 2023. TR p. 155.

ineffective assistance of counsel were based on his belief that pursuant to law and the rental agreement – a document absent from the record – the Truck was merely overdue, not stolen. Trial counsel's deficiencies, as Helm alleged, arose from her failure to discover and assert a defense negating the *mens rea* element necessary to convict Helm of receiving stolen property.

Helm also identified deficiencies in trial counsel's representation based on his claim that he met with counsel on only one occasion prior to pleading guilty. Helm stated that he had provided trial counsel with information pertaining to the rental agreement and potential defenses. However, Helm contends that instead of investigating the possible defenses, trial counsel advised him to accept the plea bargain or face the maximum sentence.

Following a thorough recitation of his arguments for relief under RCr 11.42, Helm also requested alternative relief under CR 60.02.[4] Helm presented the same ineffective assistance of counsel arguments that he had asserted pursuant to RCr 11.42. Helm additionally argued that the Trial Court lacked jurisdiction over the case because the U-Haul rental pick up location was originally identified as a business in Jefferson County. Helm further argued the Trial Court lacked jurisdiction due to U-Haul's decision to contact Jefferson County law enforcement

---

[4] Helm erroneously requested the Trial Court review unpreserved issues pursuant to RCr 10.26.

to report the stolen Truck. Helm concluded his Motion by seeking an evidentiary hearing and appointment of counsel.

On August 23, 2023, the Trial Court denied Helm's Motion by Order titled "Order Denying RCr 11.42 and CR 60.02 Motion" (the "Order"). In the Order, the Trial Court recounted its prior denial of Helm's RCr 11.42 motion. The Trial Court explained that while Helm's prior RCr 11.42 motion was procedurally barred due to Helm's failure to include proper verification, his allegations of ineffective assistance of counsel were "substantively refuted by the record." TR p. 156. Consequently, the Trial Court denied relief under RCr 11.42 based upon the successive nature of Helm's arguments.

Regarding CR 60.02, the Trial Court found Helm's factual assertions concerning the purported rental agreement to be unpersuasive. The Trial Court summarized the alleged rental agreement's exculpatory value, which Helm believed provided him with an option of possessing the Truck beyond the rental period. The Trial Court then examined the facts of record demonstrating the following: Helm admitted that the rental return date was June 3, 2020, or June 4, 2020, at the latest; Helm received communications from U-Haul requesting the Truck's immediate return; Helm assured U-Haul that he would provide additional payment in a drop box to extend the rental period but failed to do so; and U-Haul warned Helm that it had reported the stolen Truck to law enforcement. For these

reasons, the Trial Court ruled that the non-existent rental agreement, even if taken as true, did not provide Helm with a defense to the charge of receiving stolen property. Indeed, Helm stipulated to the return-date timeframe, received U-Haul's requests to return the Truck once the expiration date lapsed, and was aware of the Truck's stolen status. The Trial Court further discarded Helm's arguments based on KRS 514.020(3), explaining that the specific subsection only applies to the crime of theft by deception. The Trial Court did not address Helm's jurisdictional argument.[5]

Subsequently, the Trial Court granted Helm's motion to proceed *in forma pauperis*, and this appeal ensued. The only argument that Helm asserts in his Appellant Brief is that U-Haul falsely reported the truck as stolen. In support of his argument, Appellant refers to a "Rental Receipt" that he improperly attached to his Appellant Brief. Appellant claims that this document proves that he re-rented or extended the Truck rental to June 22, 2020. In his Reply Brief, Helm maintains that he is still asserting the same ineffective assistance of counsel grounds as those provided in his Motion to the Trial Court.

Before discussing the merits of Helm's appeal, we briefly describe the document Helm refers to as the "Rental Receipt," which is captioned as "Order/Reservation." This one-page document shows what appears to be a rental

---

[5] Helm does not raise the issue of jurisdiction on appeal. Therefore, we do not address this issue.

reservation for an eight-foot "Pickup Truck" with a pickup date of June 3, 2020, and a return date of June 22, 2020. There is no other identifying information as it relates to the vehicle's make and model, the individual renting the vehicle, or payment for the rental. This document was not provided to the Trial Court, was not included in the record on appeal, and was not attached or identified to this Court in any appellate motion. Importantly, by Order dated November 14, 2024, and again by Order dated December 13, 2024, this Court denied Helm's requests to supplement the record on appeal with alleged U-Haul documents, explaining that our review is confined to the record presented to the trial court pursuant to *Fortney v. Elliott's Administrator*, 273 S.W.2d 51, 52 (Ky. 1954).

<u>STANDARD OF REVIEW</u>

In reviewing a Trial Court's denial of a defendant's RCr 11.42 motion without an evidentiary hearing, this Court generally considers whether the "motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction [and sentence]." *Baze v. Commonwealth*, 23 S.W.3d 619, 622 (Ky. 2000), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009) (quoting *Lewis v. Commonwealth*, 411 S.W.2d 321 (Ky. 1967)). However, an appellant's RCr 11.42 claims are procedurally barred from review where the motion on appeal is based on

-10-

successive grounds for relief. *See Commonwealth v. Thompson*, 548 S.W.3d 881, 888 (Ky. 2018).

Pertaining to CR 60.02, we review the Trial Court's denial for an abuse of discretion. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). To perceive an abuse of discretion we must find the Trial Court's "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## ANALYSIS

### I. Kentucky Rules of Appellate Procedure

As a preliminary matter, the Commonwealth requests this Court strike Helm's appellate briefs and dismiss this appeal pursuant to Rule 10(B)(3) and (5) of the Kentucky Rules of Appellate Procedure ("RAP"). This Court provides leniency to appellants filing briefs *pro se*. *See Hallis v. Hallis*, 328 S.W.3d 694, 697-98 (Ky. App. 2010). Yet, our tolerance is not limitless. *See Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky. 2011) (stating that, while litigants in *pro se* are not held to the same standards as represented parties, "[t]he judiciary's conciliatory attitude . . . is not boundless"). Here, RAP 32(E)(1)(c) prohibits Helm from introducing exhibits not already included in the record. Thus, Helm is subject to the consequences of his failure to comply with RAP 32(E)(1)(c). *See Koester v.*

*Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019). We therefore strike the attached document Helm refers to as "Rental Receipt," marked as "Exhibit 1" to his Appellant Brief. In an effort to address the merits of Helm's appeal and provide finality, and in consideration of potential hindrances to Helm's compliance with the RAP,[6] we proceed in reviewing the merits of his appeal. Our leniency in the case *sub judice* shall not be utilized as precedent.

## II. RCr 11.42 and CR 60.02

It is well-established law that a criminal defendant may utilize RCr 11.42 and CR 60.02 to attack his judgment and sentence collaterally. *E.g.*, *Gross*, 648 S.W.2d at 856-57. RCr 11.42 provides a defendant with "a vehicle to attack an erroneous judgment for reasons which are not accessible by direct appeal." *Id.* at 856. The defendant has one opportunity to "state all grounds for holding the sentence invalid of which the movant has knowledge." RCr 11.42(3). Similarly, CR 60.02 permits collateral attack of a defendant's sentence by virtue of an "extraordinary remedy" when relief is not available on direct appeal or under RCr 11.42. *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) (citing *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997)).

---

[6] To distinguish this appeal from those wherein an appellate party willfully defies the RAP, we note that Helm provided correspondence to this Court requesting tolerance for his nonconformity to the RAP. We also highlight the potential uncertainty that an incarcerated, *pro se* appellant may encounter when, as here, utilizing a trial record consisting of documents in various chronological sequences coupled with an unpaginated volume.

In review of the Order pertaining to RCr 11.42, the Trial Court properly found that Helm's arguments constituted successive attempts to gain postconviction relief based on ineffective assistance of counsel. The Kentucky Supreme Court has clearly held that upon "[f]inal disposition" of the RCr 11.42 motion, any other "issues that could reasonably have been presented in the same proceeding" are deemed concluded. *Gross*, 648 S.W.2d at 856. We acknowledge that Helm's first RCr 11.42 motion was denied, in part, due to his failure to abide by the verification requirement delineated in subsection (2). However, the Trial Court addressed Helm's substantive argument that trial counsel failed to explore and obtain lesser charges and rejected these assertions as being contradicted by the record. We also recognize that when submitting his first RCr 11.42 motion, Helm may have anticipated relief due to the obvious clerical error in the original judgment and sentence. However, this assumption does not negate Helm's procedural obligation to raise *all* grounds for relief of which he was aware at the time of submission. Helm has not provided this Court with any reasonable explanation regarding his failure to identify all grounds of ineffective assistance of counsel within his initial RCr 11.42 motion.

In sum, Helm admits that prior to pleading guilty, he requested that trial counsel investigate and procure U-Haul documents. Helm now complains trial counsel was ineffective due to her failure to follow his directives. Yet, Helm

failed to identify this specific deficiency in his initial RCr 11.42 motion. Thus, we find no error in the Trial Court's determination that Helm's Motion, as it relates to RCr 11.42, is procedurally barred as successive. *Lycans v. Commonwealth*, 511 S.W.2d 232 (Ky. 1974).

Likewise, Helm's identical arguments regarding ineffective assistance of counsel in support of his Motion under CR 60.02 also fail as successive attempts for relief. CR 60.02 "is not intended merely as an additional opportunity" to raise arguments that should have been brought via direct appeal or in a RCr 11.42 motion. *Gross*, 648 S.W.2d at 856. While the Trial Court gratuitously analyzed the substantive grounds of Helm's Motion pursuant to CR 60.02, we do not perceive error in its Order based on our conclusion that Helm's arguments are successive to his prior claims of ineffective assistance of counsel.

The only conceivable argument that is not patently improper as successive arises from the "Rental Receipt," which Helm argues proves his innocence. While not specifically provided to the Trial Court, the "Rental Receipt" clearly falls within the purported U-Haul documents that the Trial Court had discussed in the Order. The Trial Court had identified the alleged U-Haul documents and adequately described the contradicting record facts establishing Helm's guilt, including his knowledge that U-Haul requested the return of the overdue Truck and reported it as stolen. Our review of the record is consistent

with the Trial Court's findings. Accordingly, the Trial Court did not abuse its discretion in denying Helm extraordinary relief pursuant to CR 60.02(e) or (f) based on the contents of the purported U-Haul documents, one of which Helm has now obtained.

As a final note, to curtail Helm from filing a successive CR 60.02 motion based on the "Rental Receipt," we reject the possibility that the document constitutes newly discovered evidence warranting relief under CR 60.02(f). *See Foley*, 425 S.W.3d at 886 (explaining that newly discovered evidence necessitating extraordinary relief pursuant to CR 60.02(f) requires the proponent to demonstrate the evidence was unavailable with the exercise of reasonable diligence). This is a distinct legal theory from that delineated in CR 60.02(b), which, in certain circumstances, permits review based upon newly discovered evidence within one year after judgment.

In the appeal before us, Helm simply claims that he was unable to obtain the "Rental Receipt" due to common barriers arising from incarceration – *e.g.,* limited access to the internet and phone. Yet, Helm was not in custody when the Trial Court entered the judgment and sentence. Helm was released from custody upon entry of his guilty plea, at which point the Trial Court specifically requested that Helm provide evidence of payment at his sentencing hearing for purposes of calculating restitution. Trial Court Recording, April 21, 2021, 1:00:05.

-15-

Helm failed to provide such evidence to the Trial Court despite having the same access to said document(s) that he has since exhibited in pursuit of postconviction relief.

## CONCLUSION

For these reasons, the Hardin Circuit Court's Order is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Herman Helm, *pro se*
Sandy Hook, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky